IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARMANDO RODRIGUEZ, #R45179, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WEXFORD HEALTH SOURCES, INC., ) <br> BRUCE RAUNER, ) <br> JOHN BALDWIN, ) <br> JACQULINE LASHBROOK, ) <br> DR. SIDDIQUI, ) <br> ASSELMEIER, ) <br> GAIL WALLS, and ) <br> FRANK LAWRENCE, ) <br> ) <br> Defendants. ) | Case No. 19-cv–00203-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Armando Rodriguez, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff claims Menard is overcrowded and understaffed, resulting in unconstitutional conditions of confinement and inadequate healthcare. He seeks compensatory damages and injunctive relief.

After the entry of a Merit Review Order pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with the following claims: overcrowded conditions at Menard subjected Plaintiff to unconstitutional conditions of confinement (Count 1); deliberate indifference to Plaintiff's serious medical needs (Count 2); and intentional infliction of emotional distress in violation of Illinois state law (Count 3). (Doc. 5, pp. 4-5). This matter is currently before the Court on a Motion to Dismiss Plaintiff's Count 3 filed by Defendants Dr. Siddiqui, Dr. Asselmeier, and Wexford Health Sources,

1

Inc. pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 30). Plaintiff did not file a response. For the following reasons, Defendants' Motion is **DENIED**.

## Factual Background – Count 3

Plaintiff makes the following allegations relevant to Count 3: Plaintiff began experiencing sharp tooth pain on April 3, 2018. Despite writing numerous sick call slips, letters, and grievances to various prison employees, he did not see a dentist until around May 20, 2018, at which time Dr. Asselmeier prescribed antibiotics and generic Tylenol. Plaintiff was told that he would have to come back for another appointment because Dr. Asselmeier had to see too many inmates for dental care. Plaintiff was also told that, due to the inmate population and the inadequate number of medical staff, there was a wait period on certain procedures. Following the appointment, Plaintiff continued to have extreme pain. He submitted more sick and dental request slips and grievances. On June 26, 2018, Plaintiff woke up with the right side of his face swollen and disfigured. He received an appointment with Dr. Asselmeier, who again told him the delay in treatment was caused by there being too many patients and not enough doctors. Plaintiff spent a week in the Health Care Unit receiving IV treatment, and upon discharge was told he would have to come back to have the tooth examined. Eventually, Plaintiff's tooth was extracted.

Plaintiff's claim of intentional infliction of emotional distress is premised on his claims in Counts 1 and 2. In Count 1, Plaintiff claims that overcrowding at Menard led to the deprivation of dental care. As for Count 2, he alleges that because his medical condition went untreated and ignored, he suffered from unbearable tooth pain, bleeding gums, difficulty sleeping and eating, and ultimately an infection. He asserts that he put Defendants on notice of his condition through writing letters, grievances, and sick call slips, but they disregarded his medical needs. He claims that by deliberately ignoring the potential threat of harm that existed to his health and safety, the Defendants intended to inflict physical and emotional distress. (Doc. 1, p. 29).

**Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the Complaint, not its merits. FED. R. CIV. P. 12(b)(6); *Gibson v. City of Chic.,* 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in the plaintiff's Complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Dismissal for failure to state a claim is warranted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Mattice v. Memorial Hosp. of South Bend, Inc.*, 249 F.3d 682, 684 (7th Cir. 2001), citing *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

**Discussion**

Illinois law requires a plaintiff seeking damages for medical malpractice to attach to the Complaint an affidavit from the plaintiff proceeding *pro se* and a written report from a health professional attesting that after review of the plaintiff's medical records, there is a reasonable and meritorious cause for filing of such action. 735 ILCS 5/2–622(a) ("§ 2-622"). Failure to file an affidavit and report is cause for dismissal under 735 ILCS 5/2-619 pursuant to § 2-622.

Whether a claim requires a § 2-622 report depends on whether the claim is one "in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." *Woodard v. Krans*, 600 N.E.2d 477, 486 (Ill. App. Ct. 1992) (quoting 735 ILCS 5/2-622). "Although a Complaint may not state a medical malpractice claim on its face, it 'may nonetheless come within the ambit of [§ 2-622] if it sounds in malpractice.'" *Liebich v. Hardy*, No. 11-c-5624, 2014 WL 1395957, at *1 (N.D. Ill. Apr. 10, 2014) (citing *Warren ex rel. Warren v. Dart,* No. 09-cv-3512, 2010 WL 4883923, at *11 (N.D. Ill. Nov. 24, 2010) and *Bommersbach v. Ruiz*, 461 F.Supp.2d 743, 748–49 (S.D. Ill. 2006)). "As a general rule, section 2-622's pleading requirements will apply if the allegations contained in the plaintiff's complaint involve issues of medical diagnoses, skill, knowledge, or treatment that is 'beyond the ken' of the average juror." *Ripes v. Schlechter,* 91 N.E.

3d 415, 421 (Ill. App. Ct. 2017) (citations omitted). If, however, "a plaintiff has not alleged any deviation from appropriate medical standards, then the claim is not based upon medical or other healing arts malpractice and is not subject to the requirements of § 5/2-622." *Diggins v. Coe,* No. 16-cv-242, 2017 WL 1545874, at *2 (S.D. Ill. Apr. 28, 2017)(citing *Fiala v. Bickford Sr. Living Group, LLC,* 43 F.E. 3d 1234, 1244 (Ill. App. Ct. 2015).

Defendants contend that Plaintiff is claiming intentional infliction of emotional distress caused by healing art malpractice and, therefore, Plaintiff's failure to comply with § 2-622 merits dismissal of the claim. (Doc. 30, p. 1). Specifically, they argue Plaintiff is claiming that Defendants' treatment of his dental condition so-deviated from the standard of care to which dentists are held that it resulted in the intentional infliction of emotional distress. (Doc. 31, p. 4). They maintain that Plaintiff's claim is "inextricably linked" to allegations of deficient dental services, "sounds in medical healing art malpractice," and will require him to put forth evidence of his dental condition, dental treatment, how treatments deviated from the standard of care, and how this deviation caused him extreme emotional damages. *Id.* at p. 5. The Court disagrees.

Although the language of §2-622 is to be interpreted broadly, "not every act or omission committed by a physician" constitutes malpractice. *Ripes,* 91 N.E 3d. at 420. Count 3 is not premised on allegations that Defendants' course of treatment deviated from the appropriate standard of care. Rather, Plaintiff essentially alleges that Defendants' knowing disregard of Plaintiff's serious dental condition denied him access to care and caused severe pain and emotional distress. (*See* Doc. 1, pp. 7, 8, 9, 10, 16, 18, 20, 24, 26, 28). Plaintiff alleges several times in the Complaint that when writing letters, grievances, and sick call slips, he was requesting to be "seen" and "looked at" by the dentist, not asking for a different method of treatment. *Id.* at pp. 15, 16, 17.

Expert medical testimony is not required to prove Plaintiff's underlying Eight Amendment deliberate indifference to a serious medical need claim, as the Seventh Circuit Court of Appeals has held that a "a non-trivial delay in treating serious pain can be actionable even without expert medical

testimony showing that the delay aggravated the underlying condition." *Berry v. Peterman,* 604 F.3d 435, 441 (7th Cir. 2010) (citing *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008); *see also Watts v. Monroe,* No. 15-cv-0778, 2017 WL 2794286, at *5 (S.D. Ill. June, 28, 2017). Because Plaintiff's claim is not based on a deviation from a medical standard, § 2-622 does not apply and Defendants' Motion to Dismiss Count 3 is denied.

**IT IS SO ORDERED.**
**DATED: 9/13/2019**

                                                *s/ Staci M. Yandle*
                                                **STACI M. YANDLE**
                                                **U.S. District Judge**